UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                    Plaintiff,          )<br>                                                          )<br>           v.                                           )<br>                                                          ) Cause No. 1:20-cr-00225-SEB-TAB<br>LOGAN COUCH,                           )<br>                                                          )<br>                    Defendant.       ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and, Kelsey L. Massa, Assistant United States Attorney ("the Government"), and the defendant, LOGAN COUCH ("the defendant"), in person and by counsel, John L. Tompkins, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Indictment:

    a. Count 1 which charges that the defendant committed the offense of Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section(s) 922(g)(1).

2. **Potential Maximum Penalties:** The offense is punishable by a maximum

sentence of 10 years' imprisonment, a $250,000 fine, and 3 years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

    1. The defendant knowingly possessed a firearm; and

    2. At the time of the charged act, the defendant had been convicted of a crime punishable by more than one year of imprisonment; and

    3. At the time of the charged act, the defendant knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

    4. The firearm the defendant possessed was in or affecting commerce.

## Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court

may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

**5.    Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

**6.    Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

**7.    No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the

defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

> a. **Government's Recommendation:** The Government has agreed to seek a sentence within the defendant's applicable guidelines range, provided that the defendant (i) continues to fully accept responsibility for the

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate any terms of pre-trial release before the day of sentencing.

    **b.**    **Defendant's Recommendation:** The defendant may argue for any legally permissible sentence.

**10.**    **Placement:** The Government agrees it will not object to any requested recommendation of the defendant regarding placement in the Bureau of Prisons. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Bureau of Prisons.

**11.**    **Programs and/or Treatment:** The Government agrees it will not object to any request by the defendant for placement by the Bureau of Prisons in any specific programs or treatment during the defendant's service of any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

**12.**    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

**13.**    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

## Part 4: Monetary Provisions and Forfeiture

**14. Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**15. Fine:** The parties understand that the Court will determine the amount of any applicable fine and reserve the right to present evidence and arguments concerning any applicable fine.

**16. Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

**17. Forfeiture:** The defendant admits that the property listed below constitutes

6

contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest the defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

    a) a Taurus 9mm semiautomatic handgun, bearing serial number ABD488383, and

    b) any ammunition and magazines.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5: Factual Basis for Guilty Plea

**18.** The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

    **a.**    On July 29th, 2020, IMPD Narcotics detectives began conducting surveillance on Logan COUCH, who was on Marion County Community Corrections Home Detention, at the Microtel Inn and Suites at 5815 Rockville Road, Indianapolis, Indiana. Detectives observed Couch engage in what appeared to be multiple narcotics transactions in the parking lot of the Microtel. At approximately 12:00 am on July 30th, 2020, detectives observed COUCH drive to the Comfort Inn at 9090 Wesleyan Road, enter the hotel, and leave approximately 20 minutes later.

    **b.**    IMPD officers attempted to stop COUCH near Interstate 465 and west 10th street. COUCH did not stop and instead fled from officers in his vehicle. At one point during the pursuit, COUCH threw a small package out of the window.

    **c.**    As the pursuit continued, COUCH threw what appeared to be a handgun out of the driver's side window of COUCH's vehicle. The gun landed on the hood of one of the pursuing police vehicles and then slid off the hood into the road. Within minutes, detectives were able to locate and recover the weapon on the

8

bridge in the 800 block of North Lynhurst Drive. The firearm was determined to be a Taurus 9mm pistol, serial #ABD488383.

**d.** As the pursuit continued, COUCH was driving up to 90 miles per hour on city streets. SWAT Officer Peter Koe attempted a PIT (pursuit intervention technique) maneuver, which was unsuccessful. On the second attempt, COUCH seemed to anticipate the PIT maneuver and turned his vehicle into Officer Koe's vehicle, striking Officer Koe's vehicle. Officer Koe's vehicle veered off the roadway and crashed into a ditch. COUCH's vehicle spun out and eventually came to a stop. IMPD officers ordered COUCH out of the vehicle and placed him into custody. COUCH had a heavy foil wrapping over his home detention ankle monitor.

**e.** When police began pursuing COUCH, he went "live" on his Facebook account. The video was livestreamed on Facebook in real time. In the video, COUCH can be seen making an initial attempt to throw a small package containing suspected narcotics out of the driver's side window, but the package bounces back inside. COUCH tries a second time to throw the suspected narcotics out the window and succeeds. The video then shows COUCH pull what appears to be a handgun from his waistband and toss it out the driver's side window.

**f.** A criminal history check revealed that COUCH has sustained the multiple prior convictions for crimes punishable by more than one (1) year of imprisonment. COUCH had knowledge of these prior felony convictions, to wit:

    i. Unlawful Possession of a Syringe, a Level 6, Felony, under Marion County (Indiana) cause #49G21-1812-F6-044166 on February 6, 2020; and/or,

9

      ii. Carrying a Handgun Without a License, a Level 5 Felony, under Hendricks County (Indiana) cause #32D05-1903-F5-000025 on March 03, 2019; and/or,

      iii. Unlawful Possession of a Syringe, a Level 6 Felony, under Marion County (Indiana) cause # 49G21-1803-F6-010441 on June 25, 2018; and/or,

      iv. Theft, a Level 6 Felony, under Hendricks County (Indiana) cause #32D04-1704-F6-000363 on May 15, 2017; and/or,

      v. Battery Resulting in Moderate Bodily Injury, a Level 6 Felony, under Hendricks County (Indiana) cause # 32D04-1607-F5-000085 on September 26, 2016; and/or,

      vi. Failure to Return to a Lawful Detention Facility, a Level 6 Felony, under Hendricks County (Indiana) cause # 32D04-1410-F6-000290 on June 27, 2016; and/or

      vii. Theft, a D Felony, under Marion County (Indiana) cause # 49F25-1010-FD-082119 on February 26, 2013; and/or,

      viii. Theft, a D Felony, under Hendricks County (Indiana) cause # 32D05-1006-FD-000125 on September 24, 2010.

    **g.** The recovered firearm (Taurus 9mm pistol serial #ABD488383) was not manufactured in Indiana and as a result had to travel through interstate or foreign commerce to arrive in the state.

The defendant admits that each and every fact alleged in the Indictment is true. The parties stipulate and agree that the Government could prove each and every fact alleged in the Indictment to a jury beyond a reasonable doubt if the case went to trial and that such facts establish a sufficient factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in paragraph One, above. The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

10

### Part 6: Other Conditions

**19.     Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**20.     Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**21.     Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7: Sentencing Guideline Stipulations

**22.     Guideline Computations:** The parties both agree that no stipulations regarding the Offense Level or the Criminal History Category applicable to this case have been reached and that the Court will determine the applicable sentencing guidelines range applicable to this case.

    **a.     Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government

11

agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

## Part 8:  Waiver of Right to Appeal

**23.    Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**24.    Later Legal Challenges:** Additionally, the defendant expressly agrees not to

contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

  a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

  b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

  c. **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G.

provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**25.** **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

**26.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**27.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Statement of the Defendant

**28.** By signing this document, the defendant acknowledges the following:

    **a.** I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

  **b.**  I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

  **c.**  I have read the entire Plea Agreement and discussed it with my attorney.

  **d.**  I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

  **e.**  Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

  **f.**  I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  **g.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  **h.**  I am pleading guilty as set forth in this Plea Agreement because I am

15

guilty of the crime(s) to which I am entering my plea.

  **i.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  **j.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  **k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

  **l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 11:  Certificate of Counsel

**29.**     By signing this document, the defendant's attorney and counselor certifies as follows:

    **a.**     I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

    **b.**     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    **c.**     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    **d.**     In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.**     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12: Final Provision

30. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

8/23/2021
DATE

_Kelly_
Kelsey L. Massa
Assistant United States Attorney

8/23/21
DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

08/10/2021
DATE

Logan Couch
Defendant

20 Aug 21
DATE

John L. Tompkins  #19597-49
Counsel for Defendant